UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STUART E. WELLS,

        Plaintiff,

v.

CENTRAL NATIONAL BANK,

        Defendant.

Case No. 25-cv-4119-AJP-JBW

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 21). Plaintiff requests leave to file his proposed Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2) and D. Kan. Rule 15.1, to rectify pleading deficiencies and clarify Counts I and II are being brought pursuant to 42 U.S.C. § 1981 and Title VII. Plaintiff also seeks to "clarify that Defendant's conduct constituted discrimination based on group ancestry and ethnic characteristics in violation of 42 U.S.C. § 1981."[1] Defendant filed a response (Dkt. 22) arguing the proposed amendment is futile. For the reasons discussed below, Plaintiff's motion is granted.

## I.    Background

Plaintiff filed this action on December 13, 2025. Plaintiff alleges he was discriminated against by Defendant, his employer, on the basis of religion. In the second paragraph of Plaintiff's Complaint, he states this is an action under both 42 U.S.C. § 1981 and Title VII of the Civil Rights Act. The Complaint asserts four counts: (I) religious discrimination (hostile work environment and disparate treatment) (II) religious discrimination (employer practices), (III) unlawful retaliation,

---

[1] Pl.'s Mot. for Leave to Amend Compl., Dkt. 21, p. 4.

and (IV) a request for injunctive relief. The heading for Count I states: "RELIGIOUS DISCRIMINATION INTENTIONALLY/KNOWINGLY CONDONED BY EMPLOYER VIOLATES TITLE VII (42 U.S.C § 1981a(a)) (HOSTILE WORK ENVIRONMENT AND DISPARATE TREATMENT)." And the heading for Count II states: "VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2) (EMPLOYER PRACTICES/CFO POSITION/MORMON CFO POSITION)." Despite the statement in the second paragraph of Plaintiff's Complaint, Counts I and II do not clearly state they are brought pursuant to 42 U.S.C. § 1981, or make any other allegations to suggest that they are. Given the contradictions within the pleading, it is unclear which statutory provision Plaintiff attempts to assert Counts I and II under: Title VII, 42 U.S.C. § 1981, or both.

On February 18, 2026, Defendant filed a Motion to Dismiss. Defendant's Motion to Dismiss does not address 42 U.S.C. § 1981 claims. But Plaintiff's response to the Motion to Dismiss alleges that Defendant's treatment of Plaintiff amounts to unlawful discrimination and retaliation under both Title VII and 42 U.S.C. § 1981.[2] In its reply to the Motion to Dismiss, Defendant states "Plaintiff appears to suggest that he pled a claim for violation of 42 U.S.C. § 1981. But Plaintiff's complaint does not state a standalone cause of action under Section 1981; instead, he only referenced 42 U.S.C. § 1981a(a) as an alleged basis for damages. To the extent that Plaintiff now attempts to state a claim under Section 1981, that claim fails. Section 1981 covers race discrimination, not religious discrimination."[3] Plaintiff then filed the present Motion for Leave to Amend, seeking leave to "amend his Complaint to clarify that Defendant's conduct

---

[2] Pl.'s Memo. in Opposition to Def.'s Mot. to Dismiss for Failure to State a Claim, Dkt. 15, p. 3, 4, and 6.

[3] Def.'s Reply Memo. in Support of Def.'s Mot. to Dismiss, Dkt. 19, p. 5–6.

constituted discrimination based on group ancestry and ethnic characteristics in violation of 42 U.S.C. § 1981" and Counts I and II must be corrected to properly assert such 42 U.S.C. § 1981 claims.[4]

In reviewing the proposed Amended Complaint attached to his motion, Plaintiff adds factual allegations to support his 42 U.S.C. § 1981 claim. Plaintiff also adds paragraph 83A under Count I, and incorporates paragraph 83A under Count II. Paragraph 83A states:

> Plaintiff does not allege only that he was discriminated against because of his religious beliefs. Plaintiff further alleges that Defendant treated him as part of a distinct group defined by lineage, heritage (ancestry), and identity, and that Defendant's conduct reflected group-based animus affecting his contractual and employment relationships. Plaintiff alleges that Defendant's actions were directed toward him based on perceived ancestry and/or ethnic characteristics associated with that identity, rather than solely on his adherence to a religious faith.[5]

Defendant objects to the proposed amendment as futile, arguing that membership in the Church of Latter-day Saints is not a protected class under 42 U.S.C. § 1981, and Plaintiff otherwise fails to state a claim, reasserting many of the same arguments contained in the pending Motion to Dismiss. Plaintiff failed to timely file a reply to his Motion for Leave to Amend.

## II.      Legal Standards for Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[6] "In all other cases, a party may amend its pleading only with the

---

[4] Pl.'s Mot. for Leave to Amend Compl., Dkt. 21, p. 4.

[5] Pl.'s Proposed Am. Compl., Dkt. 21-2.

[6] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

opposing party's written consent or the court's leave."[7] Rule 15(a)(2) instructs that the court "should freely give leave when justice so requires," and the U.S. Supreme Court has held this "mandate is to be heeded."[8] If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, the plaintiff ought to be afforded an opportunity to amend the complaint to test the claim on the merits.[9] "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[10]

The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[11] The grant or denial of an opportunity to amend is within the discretion of the district court.[12] The party opposing amendment bears the burden to show why leave should not be granted.[13]

## III.    Whether Plaintiff Should Be Granted Leave to File the Amended Complaint

Plaintiff argues his motion is timely, sought in good faith, and Defendant will not be prejudiced by the proposed amendment. Plaintiff admits that his purported 42 U.S.C. § 1981 claims

---

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[9] *Id.*

[10] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

[11] *Foman*, 371 U.S. at 182.

[12] *Id.*

[13] *Rasmussen v. Found. for Affordable Hous.*, No. 24-2081-TC-BGS, 2026 WL 237298, at *6 (D. Kan. Jan. 29, 2026) (citation omitted).

were inartfully pled in his original Complaint, and must be corrected to clarify that Plaintiff is alleging Defendant's conduct constituted discrimination based on group ancestry and ethnic characteristic in violation of 42 U.S.C. § 1981, as well as Title VII. The rest of Plaintiff's motion appears to argue the merits of his proposed 42 U.S.C. § 1981 claim, stating Plaintiff's status entitles him to protections based on protections against discrimination based on "ancestry and ethnic characteristic" contained in 42 U.S.C. § 1981. The argument section of Plaintiff's Motion for Leave to Amend appears largely to be responding to the arguments Defendant raised in its reply to the Motion to Dismiss.

Defendant opposes the Motion for Leave to Amend on the basis of futility alone. First, Defendant argues Plaintiff should not be permitted to raise claims pursuant to 42 U.S.C. § 1981 because Plaintiff's allegations are based on religion and not race. Defendant further argues that Plaintiff's membership in the Church of Jesus Christ of Latter-day Saints does not make him a member of a "distinct group" for purposes of 42 U.S.C. § 1981. Second, Defendant argues that Plaintiff's proposed amendment still fails to assert a viable claim for discrimination and retaliation pursuant to Title VII, and largely reiterates the arguments made in its pending Motion to Dismiss.

The Court does not believe the proposed amendment is attempting to add new 42 U.S.C. § 1981 claims, as Defendant suggests. While the Court agrees with Plaintiff's own assertion that the 42 U.S.C. § 1981 claims were inartfully pled, the second paragraph of the original Complaint states that the action is brought "under both 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., arising out of CNB's discrimination against Wells because of his religion (a member of the Church of Jesus Christ of Latter-day Saints and Bishop/Pastor for the Junction City Ward/Parish consisting of 300+ members/parishioners) . . . ."

5

Further, the Court does not believe the parties have had the opportunity to fully and thoughtfully brief the issue of whether Plaintiff is able to assert a 42 U.S.C. § 1981 claim, and whether members of the Church of Jesus Christ of Latter-day Saints are a distinct group for purposes of 42 U.S.C. § 1981. The issue was only briefly raised in Defendant's reply to its Motion to Dismiss, and in the parties' briefing on Plaintiff's Motion for Leave to Amend in which Plaintiff failed to file a reply. Given this issue is dispositive to Plaintiff's case, the Court believes the issue is entitled to full briefing and "is an issue more appropriately raised in the context of a dispositive motion before the District Court."[14]

Therefore, based upon the liberal standards governing the amendment of pleadings and the relatively early stage of this case, the Court grants Plaintiff leave to file the proposed Amended Complaint with the full amendment sought. Plaintiff is not adding a new claim but merely clarifying his Complaint to allege that Counts I and II are brought pursuant to both 42 U.S.C. § 1981 and Title VII. Given the nature of the amendment proposed, the Court concludes it will be more expedient and efficient, consistent with Fed. R. Civ. P. 1, to allow Plaintiff to file the Amended Complaint with all the proposed amendments and claims clarified. Defendant will not suffer any prejudice, as it can reassert its arguments contained in the Motion to Dismiss, as well as its arguments concerning Plaintiff's assertion of a 42 U.S.C. § 1981 claim. The District Judge can then address all of Defendant's arguments for dismissal of the claims in that procedural posture.

---

[14] *See Lynch v. Andersons Exec. Servs. LLC*, No. 25-2148-KHV-BGS, 2025 WL 2336455, at *5 (D. Kan. Aug. 13, 2025) ("Defendant's futility argument is an issue more appropriately raised in the context of a dispositive motion before the District Court.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 21) is **granted**. Plaintiff shall file the proposed Amended Complaint, attached as Exhibit 1 (Dkt. 21-2) to his motion, by **August 14, 2026**.

IT IS SO ORDERED.

Dated August 7, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge