IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STUART WELLS,

Plaintiff,

v.

CENTRAL NATIONAL BANK,

Defendant.

Case No. 25-CV-04119-AJP-JBW

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Stay") (Dkt. 53). Defendant requests an order staying all discovery until the Court rules on Defendant's pending Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") (Dkt. 51). Plaintiff opposes the stay. As explained below, Defendant's Motion to Stay is granted.

**I. Relevant Background**

Plaintiff filed this action on December 13, 2025. Plaintiff was subsequently granted leave to amend his Complaint on August 7, 2026, and his Amended Complaint (Dkt. 42) was filed on August 10, 2026. Plaintiff's Amended Complaint alleges Defendant discriminated against him on the basis of religion in violation of Title VII and 42 U.S.C. § 1981. On August 24, 2026, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 51). In its Motion to Dismiss, Defendant argues Plaintiff fails to state a claim, it is entitled to Petition Clause immunity, and membership in the Church of Jesus Christ of the Latter-Day Saints is not a protected class under

Section 1981. Defendant simultaneously filed this Motion to Stay with its Motion to Dismiss, requesting the Court stay discovery pending a resolution of the Motion to Dismiss.

The Court entered a Scheduling Order in this matter on May 7, 2026 (Dkt. 24). The Court amended that Scheduling Order on August 10, 2026 (Dkt. 41). Under the current Scheduling Order, discovery is to be completed by October 30, 2026. In the five months since the Court entered the Scheduling Order in this case, the parties have communicated with the Court regarding several discovery disputes, and the Court held a discovery conference on August 25, 2026. The discovery disputes generally concern the depositions of non-parties Sara Girard and Andrew Haynes, as well as Plaintiff's document production. Ms. Girard serves as Defendant's President and has raised concerns regarding the scope of her deposition under the apex doctrine, including stating a protective order may be necessary to govern her deposition. Further, the parties have advised the depositions of these non-parties concern matters that are subject to a confidential pending investigation being conducted by a federal agency. Consequently, separate counsel for Mr. Haynes has requested a protective order limiting his client's testimony—which must be reviewed and approved by the investigating agency—be entered prior to Mr. Haynes' deposition. Additionally, the parties have an ongoing dispute regarding the sufficiency of Plaintiff's discovery responses, and the Court has set a deadline of October 15, 2026 for Defendant to file a motion to compel, if necessary.

Defendant now asks the Court, in light of these discovery disputes, to stay discovery pending resolution of its Motion to Dismiss. Defendant argues a stay is appropriate because Defendant's Motion to Dismiss may finally conclude or substantially narrow the case, the facts sought through discovery will not affect resolution of the Motion to Dismiss, completing discovery

on all issues while the Motion to Dismiss is pending would be wasteful and burdensome, and the Motion to Dismiss raises a threshold immunity defense.

Plaintiff opposes a stay of discovery. Plaintiff's response—filed nearly two weeks after the deadline—does not respond to the substance of Defendant's Motion to Stay, but instead argues Defendant's motion should be denied for failure to confer in compliance with D. Kan. Rule 37.2. Plaintiff additionally argues that he assumed the Court's August 25, 2026 Minute Entry and Order, which extended and set various discovery-related deadlines resolved Defendant's Motion to Stay. Plaintiff's assumption is erroneous. When the parties emailed the Court to schedule the Discovery Conference, they included a list of topics they wished to discuss with the Court. In response, the Court told the parties: "As to the motion to stay, a pre-motion conference is not required. Defendant can file a motion to stay and brief the issue of whether a stay is warranted when they file their motion to dismiss." Defendant did exactly as the Court directed and filed the Motion to Stay in tandem with the Motion to Dismiss on August 24, 2026. During the Discovery Conference, the Court acknowledged both motions had been filed and remained pending. The Court's subsequent order does not state that the Motion to Stay has been resolved. While the Court does not find the argument persuasive, it will consider Plaintiff's untimely response in light of this mistaken assumption.

## II. Applicable Law

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] A court may stay discovery on a showing of good

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021). *See also Clinton v. Jones*, 520 U.S.

cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] A stay is not favored because it can delay the timely resolution of a matter.[4] Thus, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[5]

There are, however, recognized exceptions to this general rule.[6] A stay pending a ruling on a dispositive motion is appropriate if (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[7] If any one of these factors is present, a stay may be appropriate.[8] The party seeking the stay of

---

681, 706–07 (1997) ("District court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[2] *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[5] *McDaniel v. Lakeview Vill., Inc.*, No. 23-2090-TC-TJJ, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023) ("longstanding 'general policy in this district is not to stay discovery even though dispositive motions are pending'" (quoting *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994))).

[6] *Id.*; *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007*); Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[7] *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024); *McDaniel*, 2023 WL 4198601, at *1; *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[8] *Wolf*, 157 F.R.D. at 495.

discovery bears the burden of clearly showing a compelling reason for issuance of a stay.[9]

### III. Analysis

Here, the factors weigh in favor of granting Defendant's Motion to Stay. Defendant has moved to dismiss this action in its entirety on multiple grounds arguing the Amended Complaint fails to state a claim, Defendant is entitled to Petition Clause immunity,[10] and membership in the Church of Jesus Christ of Latter-Day Saint is not a protected class under Section 1981. The Court, in its discretion finds, under the circumstances presented here, a stay is appropriate and necessary because discovery at this stage of the proceedings on all of the many issues posed by the Amended Complaint would likely be wasteful and unduly burdensome in light of the pending Motion to Dismiss. A ruling on the Motion to Dismiss could resolve the matter in its entirety, or at the very least, result in a substantial narrowing of the claims and issues.

The Court finds a stay especially appropriate considering the parties' ongoing discovery disputes. Plaintiff is seeking discovery implicating a confidential and privileged pending government investigation through the depositions of two non-party witnesses. Separate counsel for non-party Andrew Haynes has indicated such depositions cannot proceed without a protective order in place, of which the investigating agency must approve. Conducting such sensitive and

---

[9] *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016).

[10] Generally, a stay of discovery may be warranted when a party asserts an immunity defense that also protects officials from the burdens and expenses of discovery, such as sovereign and qualified immunity. *See Digital Ally, Inc. v. Taser Int'l, Inc.*, No. 16-CV-2032-CM-TJJ, 2016 WL 5944497, at *3 (D. Kan. Oct. 13, 2016). In this case, Defendant asserts Petition Clause immunity. Defendant's motion argues the assertion of Petition Clause immunity also should warrant a stay in this matter. However, Defendant cites no law to support this proposition. Therefore, the Court declines to address the issue of whether Petition Clause immunity warrants a stay of discovery and instead grants the motion on other bases. *See id.* (declining to stay discovery when non-governmental entity asserted antitrust immunity).

investigation-adjacent discovery involving non-parties while Defendant's Motion to Dismiss is pending is wasteful and unduly burdensome. Further, Defendant maintains that there are significant deficiencies in Plaintiff's written discovery responses that will likely require motion to compel practice. If the Court were to permit discovery to proceed, the parties and the Court would undoubtedly be burdened by such discovery disputes and motion practice.[11]

Moreover, the facts sought through discovery will not affect the resolution of the Motion to Dismiss. On September 7, 2026, Plaintiff requested the Court extend his deadline to respond to Defendant's Motion to Dismiss until 20 days after the close of discovery (Dkt. 58). The District Judge denied the request, finding there was no basis for it (Dkt. 59). Plaintiff filed his response to Defendant's Motion to Dismiss on September 28, 2026 (Dkt. 63).

Finally, Plaintiff's response fails to address the four factors set out above but instead argues the Motion to Stay should be denied due to Defendant's failure to confer and comply with D. Kan. Rule 37.2. D. Kan. Rule 37.2 pertains to discovery disputes, not motions to stay discovery.[12] Therefore, the Court declines to deny the motion on that basis.

For the reasons set forth above, the Court finds a stay of discovery to be appropriate pending resolution of Defendant's Motion to Dismiss.

---

[11] *See Coffman v. Hutchinson Cmty. Coll.*, No. 17-4070-SAC-GEB, 2018 WL 994707, at *3 (D. Kan. Feb. 21, 2018).

[12] *Bonjorno v. Asher*, No. 24-4111-HLT-BGS, 2025 WL 1413597 (D. Kan. May 15, 2025), *reconsideration denied*, No. 24-4111-HLT-BGS, 2025 WL 1456004, at *3 (D. Kan. May 21, 2025) ("D. Kan. Rule 37.2 pertains to discovery disputes. The purpose of the Local Rule is to supplement Fed. R. Civ. P. 37.1(a)(1) which requires that a motion compelling discovery 'include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery.' These are requirements a party must take when encountering discovery disputes. Not a motion to stay before discovery is even authorized. The Court therefore declines to deny or strike the motion on that basis.").

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (Dkt. 53) is GRANTED. All discovery and other deadlines in this case are hereby stayed pending further order of the Court. In the event any claims remain after the Court rules on the Motion to Dismiss, the parties are directed to contact the Magistrate Judge's chambers within 7 days of the Court's order with proposed dates/times to re-set the Scheduling Conference.

**IT IS FURTHER ORDERED** that Defendant's deadline to file any motion to compel related to Plaintiff's discovery responses is held in abeyance pending further order of the Court.

**IT IS SO ORDERED**.

Dated October 5, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge